## No. 880

### JACKSON v. DICE et

### No. 19997. Supreme Court

On motion to certify. Dock. July 20, 1926 4 Abs. 510.

997. REAL PROPERTY—Where a dispute of a boundary line arises between the owner of adjacent property may the court fix a straight line if in so doing it will result in an unnecessary injury to one with no corresponding benefit to the other?

Elizabeth Dice et al brought this action originally in the Scioto Common Pleas against Hala Jackson for an injunction restraining trespass.

Jackson filed an answer which contained the contention of adverse possession of the strip of land in dispute and thereupon an amended petition was filed in an attempt to establish a definite boundary line. Dice claims ownership of the property by adverse possession.

The Court of Appeals established an irregular boundary line, refusing to establish a straight boundary line because it would do unnecessary injury to one party without a corresponding benefit to the other.

Jackson in the Supreme Court contends:

1. That under the circumstances Dice could not have used said strip adversely.

2. That Dice is not entitled to possession of the claimed strip of land by adverse possession.

Attorneys—Bannon & Bannon, Portsmouth, for Jackson; A. R. Johnson, O. E. Irish, Ironton, and W. J. Meyer, Portsmouth, for Dice et.

## No. 881

### GLIDDEN CO. v. KEITH PROPERTIES CO.

### No. 20004. Supreme Court •

On motion to certify. Dock. July 24, 1926; 4 Abs. 510.

1063. SALES—Where a purchaser orders "French varnish" for protecting dutch metal, said varnish having been used for this purpose by the purchaser before, may the purchaser maintain an action for breach of warranty if said varnish does not serve the intended purpose satisfactorily?

This action was brought originally in the Cuyahoga Common Pleas by the Glidden Company against the Keith Cleveland Properties Company upon an account for material furnished.

It appears that the Keith Company had previously used a certain "french varnish" for protecting dutch metal which varnish had been purchased from the Glidden Company.

The evidence disclosed that the purchaser stated a desire for "french varnish" which was used at a previous time, to be used to protect dutch metal and that the varnish furnished did not accomplish the desired results.

The Keith Company filed an answer and cross petition praying for damages sustained by reason of the varnish failing to properly protect the metal.

Judgment of the Common Pleas in favor of the Glidden Company for the amount claimed on the account and in favor of the Keith Company for the amount claimed in the cross petition was affirmed by the Court of Appeals.

The Glidden Company in the Supreme Court contends:

1. That the court erred in refusing to direct a verdict in its favor.

2. That the Keith Company did not rely on any warranty made by the Glidden Company but acted on its past experience.

3. That there was no warranty that the varnish would be fit for a particular purpose.

Attorneys—Squire, Sanders & Dempsey for Glidden Co.; Ulmer & Berne for Properties Co.; all of Cleveland.